**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STANLEY RAY JONES, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. CIV-04-1740-HE |
| | ) | |
| CITY OF BETHANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is defendants' motion to dismiss plaintiffs' amended complaint. [Doc. # 27]. Defendants allege plaintiffs' claims are barred by res judicata and/or the applicable statute of limitations and also fail to state a claim. Plaintiffs have filed a response in opposition to the motion to dismiss, but have not addressed defendants' arguments related to res judicata or the statute of limitations. Upon review, the court concludes this case should be dismissed as it is barred by the doctrine of res judicata.

Plaintiffs' claims in the present case relate to an incident which occurred on July 18, 2002. Plaintiffs allege the defendants violated their civil rights and committed the torts of trespass and conversion when they allegedly assisted plaintiffs' neighbor in partially installing a fence which encroached on plaintiffs' property. Plaintiffs originally filed a case related to this same incident and against these same defendants on July 18, 2003. See Jones et al. v. City of Bethany, et al., No. CIV-03-0967-HE (W.D. Okla. 2003). Upon motion by the defendants, the court dismissed plaintiffs' initial complaint for failure to state a claim but granted plaintiffs leave to file an amended complaint. See Orders of Sept. 10, 2003, and Oct.

15, 2003. After plaintiffs' amended complaint was filed, defendants again moved for dismissal. Plaintiffs failed to respond to defendants' motion and the court deemed it confessed. See Order of December 22, 2003. Notwithstanding the plaintiffs' confession of the motion, the court also conducted a review of the pleadings and concluded the amended complaint failed to state a claim against the defendants under Federal Rule of Civil Procedure 12(b)(6). Id. As a result, the defendants' motion to dismiss was granted and judgment was rendered accordingly. See Order and Judgment entered on Dec. 22, 2003.

Instead of appealing the court's order and judgment, plaintiffs waited one year and filed the case now pending before the court. The instant case involves the same July 18, 2002, incident and is asserted against the same defendants. Other than attempting to expound on their allegations, plaintiffs have raised the same claims in this case as in the prior case.

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." King v. Union Oil Co. of Cal., 117 F.3d 443, 445 (10th Cir.1997). In order for res judicata to apply there must be: "(1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Id. A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). See, e.g., Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003) (noting that "a dismissal under Rule 12(b)(6) for failure to state a claim is generally with prejudice"); Cannon v. Loyola Univ. of Chicago,

784 F.2d 777, 780 (7th Cir. 1986) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a dismissal within the meaning of [Fed.R.Civ.P.] 41(b) and therefore constitutes an adjudication on the merits.").

With respect to claims alleged by plaintiffs, there is an identity of parties, an identity of claims and a final prior judgment on the merits. As a result, plaintiffs' claims in this case are barred by the doctrine of res judicata. Accordingly, defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE